CARRIE M. HOLLINGWORTH et als., Appellants vs. GEORGE KRESGE, Ex., Appellee.

JUNE 23, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Probate Law.   Evidence.   Mental Capacity.*

Ruling in probate appeal that non-expert witness might describe appearance of testator and say whether he talked rationally or not but that he could not testify whether he was of sound mind or not, held error; as contrary to practice permitting such a witness to testify to facts, which he had observed bearing on the mental condition of testator and then give his opinion as to his mental condition derived from those facts.

*(2)   Testamentary Capacity.   Burden of Proof.*

The burden is upon the proponent of a will to prove by a fair preponderance of the evidence, the testamentary capacity of the testator.

*(3)   Testamentary Capacity.   Age of Testator.*

No presumption of incapacity arises simply because a testator is advanced in years at the time of the execution of the will.

*(4)   Testamentary Capacity.   Evidence.*

Request to charge in appeal from probate of a will that the fact that testator transacted business and discussed affairs shortly before and after the execution of his will should be considered by the jury in deciding whether testator had mental capacity to make a will, should have been granted where there was testimony to which such request was applicable.

*(5)   Wills.   Undue Influence.   Burden of Proof.*

In an appeal from probate of will, the burden of proof of undue influence is upon appellant.

*(6)   Wills.   Probate Law.   Undue Influence.*

Requests to charge that if the jury believed that testator left part of his property to a legatee solely because of his affection for him and in appreciation of what he had done for him during a period of years, the will was not procured by undue influence, were denied and the substance of them was not included in the general charge, and nothing was said in the charge about the relations between testator and legatee and the effect of these relations upon the issue of undue influence.

*Held*, error as the jury should have been instructed as requested.

*(7)   Wills.   Probate Law.   Undue Influence.*

Declaration by testator of his intention to leave property to a legatee named in will, was admissible to rebut claim of undue influence.

PROBATE. APPEAL.   Heard on exceptions of appellee and sustained.

SWEENEY, J. This is a probate appeal involving the admission to probate of the will of George K. Matteson, late of Coventry. After trial in the Superior Court the jury returned a verdict "breaking" the will. The appeal is now before this court on appellee's exceptions.

Mr. Matteson died July 13, 1924, at the age of 81 years. His will was executed June 17, 1924. The probate court of Coventry admitted his will to probate. His next of kin, three daughters of a deceased son, appealed from this action by the probate court to the Superior Court. They alleged as reasons for their appeal that Mr. Matteson was not of sound mind and did not possess testamentary capacity June 17, 1924; that the execution of the will was procured by the undue influence of George Kresge and others and that it was not executed in accordance with law. The case was submitted to the jury on the issues raised by these reasons of appeal, the trial justice charging the jury that any one of these reasons if proved would be sufficient to set aside the will. Appellee filed a motion for a new trial on the ground that the verdict was against the law and the weight of the evidence. This motion was denied by the trial justice.

Appellee has urged many exceptions in this court, the fourth one being to the refusal of the trial justice to permit a non-expert witness to testify as to the mental condition of Mr. Matteson while the witness worked with him during two weeks in May and June, 1924. The trial justice ruled (1) that he would permit the witness to describe the appearance of Mr. Matteson and to say whether he talked rationally or not; and that he would allow only an expert witness to testify whether Mr. Matteson was of sound mind or not. This ruling was contrary to our opinion in *Hopkins* v. *Wheeler*, 21 R. I. 533, in which we held that our uniform practice has been to permit non-expert witnesses to testify to facts which they had observed bearing on the mental condition of the testator and then to give their opinions as to his mental condition derived from those facts. See also

*Conn. Mutual Life Ins. Co.* v. *Lathrop,* 111 U. S. 612; *Ratigan* v. *Judge,* 181 Mass. 572. One of the issues submitted to the jury was the testamentary capacity of Mr. Matteson. The appellants produced testimony from which it might be inferred that Mr. Matteson was of unsound mind and did not possess testamentary capacity at the time he executed his will. It was necessary for the appellee to rebut this testimony as the burden of proof was upon him to prove that Mr. Matteson possessed testamentary capacity at the time he executed his will. The witness had testified as to what he had observed while working with Mr. Matteson and he should have been permitted to give his opinion as to the mental condition of Mr. Matteson derived from the facts testified to. The exclusion of the opinion of the witness was prejudicial to appellee, and his fourth exception is sustained.

Appellee claims his exceptions to the refusal of the trial justice to charge the jury that the burden of proving lack of testamentary capacity of testator was upon the appellants and to that portion of his charge in which he said that the burden was upon the appellee to prove testamentary capacity. While there is some authority in support of (2) appellee's contention, the law in this State is that the burden is upon the proponent of the will to prove, by a fair preponderance of the evidence, the testamentary capacity of the testator. Exceptions 5, 6 and 7 are overruled.

Bearing upon the issue of testamentary capacity of Mr. Matteson appellee requested the court to charge that no presumption of incapacity arose simply because Mr. Matteson was advanced in years at the time of the execution of his will and the fact that he transacted business and discussed affairs shortly before and after the execution of his will should be considered by the jury in deciding whether (4) he had mental capacity to make a will. Both requests should have been granted as the first request was a correct statement of law, and there was testimony to which the second request was applicable. Exceptions 9 and 10 are sustained.

On the issue of undue influence on the part of George Kresge and others the following facts are relevant. Some time after the death of Mr. Matteson's wife he induced his second cousin to come and keep house for him in 1893. She brought her three year old daughter Cora with her. This daughter lived with Mr. Matteson until 1908, when she was married to George Kresge at Mr. Matteson's house. After their marriage they lived in Pennsylvania for one year and then returned to this State and lived a short distance from Mr. Matteson until his death. During the latter part of his life Mr. Matteson lived alone much of the time in a very frugal manner. Mr. and Mrs. Kresge and their children helped him in taking care of his house and provided him with some food. They also took care of him during his last illness. Mr. Matteson's only son died in 1913, leaving three daughters. These daughters married and did not visit their grandfather often until shortly before his death. The custodian's inventory of the personal property left by Mr. Matteson is less than $700. His real estate is said to be of comparatively small value. By his will he ordered $1,500 to be set apart for the payment of his debts, the expenses of settling his estate, the erection of a family monument at a cost not exceeding $500 and the balance of said amount to be divided equally among his three grand-daughters. The residue of his estate he gave to Mr. and Mrs. Kresge. The granddaughters allege that the will was procured by the undue influence of Mr. Kresge and others. The will was written by an attorney at law.

The court correctly instructed the jury that the burden of proof of undue influence was upon the appellants. Briggs v. Briggs, 92 A. 571. The appellee filed four requests to charge based upon the testimony as to the affection of Mr. Matteson for Mr. and Mrs. Kresge and their conduct toward him. The substance of these requests was that if the jury believed that Mr. Matteson left part of his property to the Kresges solely because of his affection for them and in appreciation of what they had done for him during a period

of years the will was not procured by undue influence. The requests were denied and the substance of them was not included in the general charge. Nothing was said in the charge about the relations between Mr. Matteson and Mr. and Mrs. Kresge and the effect of these relations upon the issue of undue influence. The appellee was entitled to have the jury instructed upon this issue as requested. The 12th, 13th, 14th and 15th exceptions are sustained.

(7) Appellee also requested the court to charge the jury that declarations by Mr. Matteson of his intention to leave property to the Kresges was evidence to rebut the claim of undue influence. Several witnesses had testified that such declarations had been made to them by Mr. Matteson. Such testimony was admissible. *Gardner* v. *Frieze*, 16 R. I. 640. The request was denied and the 17th exception is sustained.

The other exceptions are without merit or have become immaterial in our view of the case and are overruled.

The case is remitted to the Superior Court for Kent county for a new trial.

*Charles W. Littlefield, Benjamin W. Grim*, for appellants.
*Wayne H. Whitman, John L. Curran*, for appellee.